Manly, J.
 

 It is very clear, npon-a consideration of'tliostatute, Rev. Code, chap. 11, sec. 1, that to fix.the sheriff, as-special bail, when he has returned a bond,,,which is excepted’ to, there must be a judgment of the Court upon the exception,, after “ due notice” to the sheriff; and we think.it is also clear,, that the necessary enquiry should be prosecuted, to judgment upon the exception and notice as upon process, according to the course of the Court.
 

 The sheriff is entitled to the judgment of tire Court at an early day, that he may, if needful, protect himself from, or discontinue his responsibility. The sheriff’s authority as bail, in such case, springs out of the judgment of the Court, and has no prior existence. Should he arrest again, before the judgment, it would be unlawful.
 

 Hence, we hold, up on exception
 
 t&
 
 bail, there must be a notice, making the sheriff a party to- future proceedings, a judgment declaring the insufficiency of the bond, and declaring the sheriff to be special bail, before be- is chargeable as such.
 

 The necessity for prosecuting the exception to judgment, seems to have been in the mind of the plaintiff’s attorney, when, subsequently to the judgment in the original action, proceedings were had against the sheriff. They are, in all respects, regular, but, as we think, are too late.
 

 It will be perceived by a reference to the facts of the case, that the original action was commenced to Spring Term, 1858. At that term, exception was taken, and an order for notice to
 
 *433
 
 issue. An ineffectual attempt was made to notify, and then a discontinuance of further proceedings against the sheriff, until after the judgment in the original action im June, 1859. After this judgment, notice to the sheriff was issued and executed, and, thereupon, the sheriff appeared and resisted the motion to declare him special bail upon the plea of a want of “ due notice.”
 

 concur with the Court below, in its conclusion upon this state of facts, that due notice was not given. It must be in time to enable the sheriff to hare the earliest possible judgment of the Court upon the exception
 
 ;
 
 that is, it must be returnable to the next term after the exception is- made, and, subsequent proceedings should be, as stated before, according to the course of the Court. Notice, after a year had elapsed, was not
 
 reasonable notice
 
 of the plaintiff’s purpose, and therefore, not such as was
 
 “due”
 

 The judgment below should be affirmed'.
 

 Pee OueiaM,
 

 Judgment affirmed.